Matter of Mengde Hu (Commissioner of Labor) (2024 NY Slip Op 05264)

Matter of Mengde Hu (Commissioner of Labor)

2024 NY Slip Op 05264

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-23-1850
[*1]In the Matter of the Claim of Mengde Hu, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 4, 2024

Before:Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ.

Mengde Hu, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 27, 2023, which dismissed claimant's appeal from a decision of an Administrative Law Judge.
By initial determination, claimant was found to be ineligible to receive unemployment insurance benefits on the ground that he was not totally unemployed and he was charged with, among other things, a recoverable overpayment of federal pandemic benefits. Claimant requested a hearing with respect to the determination. When claimant failed to appear at the hearing, an Administrative Law Judge (hereinafter ALJ) held him in default and sustained the initial determination. Subsequently, claimant made three applications to the ALJ section to reopen the case, but, each time, claimant either failed to appear or was unprepared to move forward, again citing his unsuccessful attempts to obtain representation. Claimant was ultimately informed that any further applications to reopen needed to be directed to the Unemployment Insurance Appeal Board. Claimant accordingly filed an application to reopen with the Board. The Board dismissed claimant's application, finding that, pursuant to Labor Law § 621 (1), claimant was precluded from taking an administrative appeal as he failed to appear at the hearings. Claimant appeals.
We reverse. The record reflects that the Board, contrary to the procedural information set forth in the most recent ALJ decision, treated claimant's application as an appeal rather than an application to reopen. As claimant offered reasons for his defaults at the prior hearings, the matter must be remitted for the Board to consider whether claimant presented good cause to excuse his nonappearance or unwillingness to proceed at the hearings (see 12 NYCRR 463.6; Matter of Mena [Philips Bryant Park, LLC-Commissioner of Labor], 164 AD3d 1510, 1511-1512 [3d Dept 2018]; see generally Matter of Aiello [Commissioner of Labor], 227 AD3d 1256, 1257 [3d Dept 2024])
Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.